## SHAHAN v. FRENCH.

No. 22144. Opinion Filed Feb. 23, 1932.

Rehearing Denied March 29, 1932.

W. J. Davidson, for plaintiff in error

William M. Franklin, for defendant in error.

KORNEGAY, J. This is a proceeding in error to review a judgment of the district court of Oklahoma county, rendered on the 15th day of May, 1930, in favor of the defendant in error, J. H. French, and against the plaintiff in error, for the recovery of $375, with interest at 6 per cent. per annum from February 5, 1928, and for costs.

Motion for new trial was filed. The case-made recites that it was filed within three days of the return of the verdict. The motion for new trial was in general terms, assigning as grounds that the verdict was not sustained by sufficient evidence, and was contrary to law, and the overruling of the demurrer to the plaintiff's evidence, and the rejection of competent evidence offered by the movant, and error by the court in sustaining objections to the competent testimony offered by Louella Shahan, the fifth being that the court erred in empaneling the jury when both plaintiff and defendant had waived trial by jury, and that other material errors of law occurred at the trial.

In the inception of the case, the plaintiff filed a petition which on its face alleged an agreement between the plaintiff in error and defendant in error for the payment of a commission upon securing a purchaser for the southeast quarter of section 34, township 8 north, range 12 west, and that plaintiff had found a purchaser and advised the plaintiff in error of such finding, and as a result of the efforts of the plaintiff the farm was sold for $7,500. There was an allegation that the plaintiff in error, Shahan, in making the contract acted for himself and as the agent of his wife, Louella Shahan. There was the usual allegation of demand and failure to pay, and a prayer for the recovery of $375 with interest at 6 per cent. from February 3, 1928. The petition was duly verified.

The defendants appeared and made a motion to make the petition more definite and certain, and this was overruled. Upon this being done, an exception was taken, and a joint answer was filed which was verified, and denied each and every material allegation that the petition contained.

The cause came on for trial, and the plaintiff introduced a Mr. Patterson, a Mr. Belew, a Mr. Marker, and himself, all of whom were thoroughly examined and cross-examined. Their testimony, if believed, established a legal liability. Also the defendant, Shahan, was called to testify that he had sold the place. Upon the conclusion of the plaintiff's evidence, a demurrer was interposed upon the ground that the evidence did not sustain the allegations of the plaintiff's petition, and recovery could not be had thereon, and a motion was made for a directed verdict.

Thereupon the case was reopened, and the plaintiff in error was recalled to testify what was the amount of the consideration paid for the land, and a demurrer was again interposed and was sustained as to the wife, Louella Shahan, and overruled as to the present plaintiff in error, J. H. Shahan. Several witnesses were introduced on

behalf of the plaintiff in error, the remaining defendant, and there was some rebuttal testimony, and the testimony was closed.

No request was made at this time for instructions or directed verdict, and no exceptions taken to the oral instruction given by the court. The defendant below wanted to waive the oral argument, but the case was argued and the jury returned a general verdict for $375 with 6 per cent. interest from February 5, 1928, which was followed by the motion for new trial above referred to. Supersedeas bond was given and the case brought here.

The main ground of complaint in the motion for new trial and here is that the evidence did not warrant the verdict. Aside from the method by which it is raised here, an inspection of the record shows that there was sharp conflict between the testimony on behalf of the defendant in error and of that on behalf of the plaintiff in error. The jury had a right to believe such testimony as to it appeared credible. Evidently the jury believed the plaintiff below and his witnesses, and rendered the verdict, which was unanimous, accordingly. Such being the case, the verdict should be allowed to stand. The court gave instruction concerning the law that is applicable in a case of this sort. In any event, the plaintiff in error did not except to it, evidently relying on the fact that the jury would find a verdict in his favor, but it did not do so.

Besides this, there is a proposition urged that the court did wrong in not letting the wife, Louella Shahan, testify in the case for the defendant, after she had been dismissed therefrom by the sustaining of a demurrer, by her interposed, to the evidence. Some authorities are cited on the proposition, but we do not think that any of them would carry out the idea that the wife could testify to the matter sought to be testified to, namely a contradiction of the version given of a conversation between her husband and the plaintiff. As to overruling the demurrer, we think it should have been overruled on the evidence.

We think the plaintiff in error has had a fair trial, and, finding no error in the case, it is accordingly affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. CLARK, V. C. J., and SWINDALL and McNEILL, JJ., absent.